UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **REGINALD ANDRADE** | ) ) ) |
| Plaintiff | ) ) |
| v. | ) CIVIL ACTION NO. ) |
| **TYRONE PARHAM; JESSICA MOORE; SEAN WARD; KEVIN SHAW; and MICHAEL WILLIAMS** | ) ) ) ) ) |
| Defendants | ) ) ) |

## COMPLAINT

**PARTIES**

1. Plaintiff REGINALD ANDRADE is a natural person and was a resident of the State of Massachusetts and the United States of America at all times referred to in this complaint.

2. Defendant TYRONE PARHAM is, and was at all times relevant herein, the Chief of Police for the University of Massachusetts Amherst (UMass); he is being sued in his individual capacity.

3. Defendant JESSICA MOORE is, and was at all times relevant herein, a Lieutenant in the UMass Police Department; she is being sued in her individual capacity.

4. Defendant SEAN WARD is, and was at all times relevant herein, a Sergeant in the UMass Police Department; he is being sued in his individual capacity.

5. Defendant KEVIN SHAW is, and was at all times relevant herein, a Detective in the UMass Police Department; he is being sued in his individual capacity.

1

6. Defendant MICHAEL WILLIAMS is, and was at all times relevant herein, a Detective in the UMass Police Department; he is being sued in his individual capacity.

7. At all times pertinent hereto, Defendants were acting under color of state law.

8. At all times pertinent hereto, Defendants were engaged in a joint venture.

**JURISDICTION AND VENUE**

9. This action arises under the Fourteenth Amendment to the United States Constitution, 42 U.S.C. § 1983, and 20 U.S.C. § 1681.

10. This Court has jurisdiction of this claim under, and by virtue of, 28 U.S.C. §§ 1331 (federal question) and 1343 (civil rights).

11. This action is properly brought in the Western Division of the United States District Court for the District of Massachusetts under 28 U.S.C. §§1391 (b)(1) and (2) because the events at issue in the case arose and transpired in the Western Division of the District of Massachusetts.

**FACTS**

12. Plaintiff is a 55 year-old African American man who began working at UMass in 2004 as a staff member in the Disability Services Department.

13. At the start of the 2018-2019 academic year, Plaintiff's office was in Room 161 on the first floor of the Whitmore Administration building.

14. It was Plaintiff's practice to start his work days by getting up early and working out at the UMass Campus Recreation Center each day before work.

15. At the conclusion of his workout, Plaintiff would go to his office prior to the start of the work day and spend approximately thirty minutes on his yoga mat doing relaxation and meditation exercises.

16. At approximately 7:35 on the morning September 14, 2018, Plaintiff walked up the ramp to the Whitmore Building carrying a gym bag containing his work-out clothes.

17. At approximately 8:25 am, Plaintiff completed his morning mediation, checked in with a few co-workers and left his office to use a nearby restroom.

18. When Plaintiff returned to his office, Defendants SHAW and WILLIAMS were waiting for him at the reception area right outside of his office.

19. Defendants SHAW and WILLIAMS proceeded to escort Plaintiff into his office and closed the door.

20. Defendants MOORE and WARD posted themselves just outside the office in order to physically restrain Plaintiff if he attempted to leave.

21. Defendants SHAW and WILLIAMS then commenced an interrogation of Plaintiff.

22. Among other things, Defendants SHAW and WILLIAMS asked Plaintiff what he did the night before, what time he got up and arrived on campus, what he did at the gym, and whether he took a shower.

23. Defendants SHAW, WILLIAMS, MOORE, and WARD took these actions with the support, and at the direction of, Defendant PARHAM.

24. During this time, it was the intention of all Defendants to detain Plaintiff.

25. Plaintiff was conscious of his detention.

26. Plaintiff did not consent to his detention.

27. Defendants had no right or privilege to cause the detention.

28. The original impetus for Defendants' actions was the following message left on an anonymous tip line:

> Good morning ... at about 7:45, 7:43, Friday morning, September 14th, a gentleman, African American, bald, red/white pinstripe shirt, dark khakis, large duffle bag on the right shoulder, hanging off a strap, very heavy hanging on the ground, seemed very agitated, walking up the ramp, into Whitmore. I thought I would send that information if someone could go and check ... because he seemed like a very upset young man walking into that building. Probably late 20's, early 30's.

29. Based on this report, Defendants did not possess a particularized and objective basis for suspecting the subject of the tip was engaged in criminal activity.

30. By 8:25 am, Defendant PARHAM had learned that the subject was not an unknown person in his late 20s or early 30s with no legitimate reason for being in the building but was, in fact, Plaintiff – a longtime UMass employee with no criminal record or history of engaging in suspicious behavior.

31. Upon receiving this information, Defendant PARHAM relayed it to Defendant MOORE and directed the building to be opened and the lockdown he had ordered to cease.

32. UMass officers nevertheless continued to conduct a sweep of the building, while Defendants SHAW, WILLIAMS, MOORE, and WARD effectuated Plaintiff's detention.

33. Any suspicions Defendants harbored concerning potential criminal activity by Plaintiff were unreasonable prior to the start of his detention and interrogation.

34. Once that interrogation got underway, Defendants SHAW and WILLIAMS immediately received information that should have completely dispelled the unreasonable suspicions they held.

4

35. Nevertheless, their detention and interrogation of Plaintiff lasted approximately twenty minutes.

36. The unlawful detention of Plaintiff thus became an unlawful *de facto* arrest.

37. The lockdown of the building generated community interest in the events unfolding inside Whitmore.

38. Plaintiff's prolonged detention and interrogation was witnessed by many of his colleagues and caused him considerable embarrassment.

39. As UMass Chancellor Kumble R. Subbaswamy later acknowledged, Plaintiff was "greatly distressed to have been treated with such suspicion."

## COUNT I – VIOLATION OF 42 U.S.C. § 1983
## UNREASONABLE SEIZURE

40. Plaintiff re-alleges paragraphs 1 through 39 and incorporates them herein by reference.

41. The aforesaid actions and conduct by Defendants violated Plaintiff's right to be free from an unreasonable seizure as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution.

42. As a result of the above-described violation of rights, Plaintiff suffered great pain of mind and body and was otherwise damaged.

## COUNT II – VIOLATION OF 42 U.S.C. § 1983
## *DE FACTO* ARREST

43. Plaintiff re-alleges paragraphs 1 through 42 and incorporates them herein by reference.

44. Defendants sought to verify their unreasonable suspicions by means that approached the conditions of an arrest.

45. A reasonable person in Plaintiff's position would have understood his situation to be tantamount to being under arrest.

46. The aforesaid actions and conduct by Defendants violated Plaintiff's right to be free from an arbitrary arrest as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution.

47. As a result of the above-described violation of rights, Plaintiff suffered great pain of mind and body and was otherwise damaged.

## COUNT III – FALSE ARREST AND IMPRISONMENT

48. Plaintiff re-alleges paragraphs 1 through 47 and incorporates them herein by reference.

49. The above-described actions of Defendants constituted a false arrest and imprisonment as defined under the common law of the Commonwealth of Massachusetts.

50. As a direct and proximate cause of the above-described behavior of Defendants, Plaintiff suffered great pain of mind and body and was otherwise damaged.

## COUNT IV - INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

51. Plaintiff re-alleges paragraphs 1 through 50 and incorporates them herein by reference.

52. The aforesaid conduct by the Defendants was extreme and outrageous and likely to result in severe emotional distress to Plaintiff, which Plaintiff did in fact suffer.

53. As a direct and proximate cause of the aforesaid actions and conduct by Defendants, Plaintiff suffered great pain of mind and body and was otherwise damaged.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests that this Court enter judgment against Defendants jointly and severally on all counts of this complaint and:

a) Award compensatory damages;
b) Award punitive damages;
c) Award interest and costs of this action to Plaintiff;
d) Award attorneys' fees to Plaintiff; and
e) Award such other relief which this Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial on all issues so triable.

PLAINTIFF

By: /s/ Cynthia Turnbull
Cynthia Turnbull
BBO No. 550359
Luke Ryan
BBO No. 664999
Sasson, Turnbull, Ryan & Hoose
100 Main Street, 3rd floor
Northampton, MA 01060
(413) 586-4800
cturnbull@strhlaw.com
lryan@strhlaw.com